IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GALEN FOSTER BLACK

    Petitioner,

v.                                  Case No. 5:23cv93/TKW/MAL

WARDEN KEVIN PISTRO, et al.

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This case is before me after Petitioner failed to respond to an Order to Show Cause directing him to explain why his petition under 28 U.S.C. § 2241 is not moot.

Petitioner initiated this case by filing a petition for writ of habeas corpus dated March 28, 2023. ECF No. 1. He paid the $5.00 filing fee. ECF No. 3. Petitioner sought an injunction preventing his extradition to Texas to face state charges of sexual abuse of a child. ECF No. 1 at 7, 11. He claimed that his extradition would interfere with his filing of a timely § 2255 motion in his federal criminal case because he would be separated from the legal materials needed to prepare such a motion. Petitioner also claimed the named Respondents acted in "blatant disregard" for his Fifth, Sixth and Fourteenth Amendment rights by manipulating and egregiously misusing the interstate detainer statutes to his detriment. *Id.* at 11.

On April 5, 2023, after determining Petitioner was not in BOP custody, I entered an order directing Petitioner to show cause within 14 days why the petition was not moot. The deadline elapsed without a response from Petitioner. The U.S. Marshal's office has now confirmed that Petitioner was writted to Texas. Therefore, his request for injunctive relief is moot and the petition for writ of habeas corpus should be dismissed as the requested relief is not available.[1]

Accordingly, it is respectfully RECOMMENDED:

1.   The petition under 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED** without prejudice.

2.   The clerk be directed to close the case file.

At Gainesville, Florida on April 27, 2023.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

---

[1] Petitioner's failure to comply with the order show cause also provides an independent basis for dismissal. A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including dismissal, for failure to comply with a rule or court order.

## **NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.